## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BETTY GADSON,**

       **Plaintiff,**

v.                                            **Case No.  8:04-cv-1522-T-27TBM**

**VERIZON FLORIDA, INC.,**

       **Defendant.**

_____/

## O R D E R

THIS MATTER is before the court on **Defendant's Motion for Independent Medical Examination Under Rule 35, Fed. R. Civ. P., and Memorandum of Law in Support** (Doc. 9) and the **Request by the Plaintiff for a Suitable Protective Order** (Doc. 14). Plaintiff sues Defendant alleging race discrimination and retaliation. By its motion, Defendant seeks an Order compelling Plaintiff to submit to an examination by Dr. Eric M. Kaplan, M.D., which would take place at Dr. Kaplan's office over the course of one day, consist of an oral interview and testing sessions, and the scope of which would be "the existence, source, and severity of the health conditions that Plaintiff claims have resulted from, or been aggravated by, her employment by the Defendant." See (Doc. 9 at ¶ 5). As grounds, Defendant argues that such matters are placed in controversy by Plaintiff's allegations that her health conditions have been caused or aggravated by Verizon's discriminatory actions; by her allegations that her health conditions render her unable to work on a regular basis; and by her intent to call one or two of her treating health care providers as expert witnesses at trial.

Plaintiff filed a response in opposition and motion for protective order (Docs. 12, 14), seeking to limit the scope of the examination. Plaintiff does not dispute that her mental condition is in controversy and that good cause exists for an examination. However, Plaintiff argues that the Defendant's medical expert is not qualified to give an opinion as to Plaintiff's credibility; Plaintiff's prior sexual history is not relevant and any examination thereof intrudes into her privacy and may be damaging to her well-being; inquiry into her behavior outside the workplace is irrelevant; tests such as the MMPI/MMPI-s, the Rorschach Inkblot Test, the Thematic Apperception Test, the Shipley Institute for Living Scale (IQ), and Sixteen Personality Factors Inventory are of undocumented scientific validity and therefore should not be conducted on her; and at trial, Defendant should properly refer to its psychiatrist as the "Defendant's medical expert" and should not refer to the examination of her as an "independent medical examination." Defendant filed a response in opposition (Doc. 15).

Rule 35 of the Federal Rules of Civil Procedure provides in pertinent part:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . The order may be made only on motion for good cause shown . . .

Fed. R. Civ. P. 35(a). The "in controversy" and "good cause" requirements of Rule 35(a) are not supported by mere conclusory allegations in the pleadings nor by mere relevance to the case, but rather there must be an affirmative showing that each condition as to which the examination is sought is "really and genuinely" in controversy and that good cause exists for

2

ordering each particular examination. Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). Here, Plaintiff's alleged migraines, anxiety, and depression are in controversy.

In its response to Plaintiff's request for a protective order, Plaintiff restates the scope of the exam to be "the existence, severity and cause of Plaintiff's alleged migraines, anxiety and depression." See (Doc. 15). In the court's consideration, this adequately circumscribes the examination and dictates that only those means and methods appropriate to examining these specific claims may be employed by Dr. Kaplan in the conduct of his examination. While it appears agreed that Plaintiff's prior sexual history will not be a subject of inquiry,[1] Plaintiff is not entirely insulated from inquiry on matters outside the workplace if, in the exercise of his medical judgment, Dr. Kaplan deems it a necessary and appropriate inquiry within the scope as limited above. Likewise, the examining psychiatrist may utilize diagnostic methods and tests that he determines, in his medical judgment, appropriate to evaluate Plaintiff's conditions within the scope as limited above. At present, Plaintiff's objections to the five specific tests are overruled. Finally, the court finds that Plaintiff's objections as to the medical expert's possible testimony at trial or counsel's characterization of the examination at trial are premature at this time.

Accordingly, it is **ORDERED** that **Defendant's Motion for Independent Medical Examination Under Rule 35, Fed. R. Civ. P., and Memorandum of Law in Support**

---

[1] Defendant represents that it does not intend to inquire into Plaintiff's sexual history, as Plaintiff's claims are based on racial discrimination, racial harassment, and retaliation. Indeed, Defendant has failed to demonstrate good cause for examination of the Plaintiff about her sexual history, and inquiry into this subject on this examination shall not be conducted absent further showing and approval by the court.

(Doc. 9) is **GRANTED** and the **Request by the Plaintiff for a Suitable Protective Order** (Doc. 14) is **DENIED**.  The examination shall occur on a day mutually convenient to the Plaintiff and Dr. Kaplan and shall consume no more than eight hours.

**Done and Ordered** in Tampa, Florida, this 29th day of July 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record