UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY GADSON,

        Plaintiff,

v.                                           Case No.  8:04-cv-1522-T-27TBM

VERIZON FLORIDA, INC.,

        Defendant.

_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Request for Leave to Depose Additional Witnesses** (Doc. 18), **Plaintiff's Motion to Compel Defendant to Release to the Plaintiff the Address and Telephone Number of Vicki Nash Shaw** (Doc. 19), and Defendant's responses in opposition (Docs. 21, 20, respectively).

By Plaintiff's motion to depose additional witnesses, Plaintiff seeks an order permitting her to depose five additional witnesses: Vicki Nash Shaw, retired director of network operations and Gadson's higher level supervisor; Tim Murphy, Verizon Security Manager; and Craig Pennington, Casey Palmer, and Chuck Wagner, white male Verizon employees alleged to have created a hostile work environment.  In support, Plaintiff argues that Ms. Shaw may possess knowledge concerning the misconduct of Verizon employees, and Plaintiff asserts that she would have deposed Ms. Shaw earlier but for the withholding of Ms. Shaw's address and phone number.  In conjunction with this request to depose Ms. Shaw, Plaintiff also moves to compel Defendant to disclose Ms. Shaw's current address and telephone number in order to notice her for deposition.  Plaintiff advises that the personal information of Ms. Shaw will not be released to Ms. Gadson.  As to the other four witnesses,

Plaintiff simply contends that they possess information relevant to the allegations in her Complaint.  As an alternative to taking their depositions, Plaintiff suggests that she conduct interviews of the witnesses in the presence of defense counsel.

In response, Defendant argues generally that the additional depositions sought by Plaintiff are cumulative and/or duplicative, and Plaintiff's need for additional depositions reflects poor discovery strategy by Plaintiff.  Additionally, Defendant notes that Plaintiff  has already exceeded the allotted ten depositions and has deposed two additional witnesses with the Defendant's consent.  With respect to Ms. Shaw, Defendant does not dispute that it disclosed Ms. Shaw as a non-expert witness in its initial disclosures but withheld Ms. Shaw's current address and telephone number at Ms. Shaw's request.  Acknowledging that it will likely call Ms. Shaw as a defense witness at trial, Defendant offers to produce Ms. Shaw at a court reporter's office for telephonic deposition.

Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure and Local Rule 3.02(b) limits each party to ten depositions unless by written stipulation of the parties or leave of court.  The Advisory Committee Notes to Rule 30 indicate that the purposes of this limitation are "to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions" and "to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery."  Fed R. Civ. P. 30 advisory committee's notes.  Rule 26(b)(2) instructs a court to limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of

the issues at stake in the litigation, and the importance of the
proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).  Some courts have required the party seeking to exceed the

presumptive number of depositions to make a particularized showing of why the additional

discovery is necessary.  See Bituminous Fire & Marine Ins. Corp. v. Dawson Land Dev. Co.,

Case No. 3:02-cv-793-J-21TEM, 2003 WL 22012201, at * 1 (M.D. Fla. Feb. 13, 2003) (citing

Daniels Midland Co. Aon Risk Servs., 187 F.R.D. 578, 586 (D. Minn. 1999); Barrow v.

Greenville Indep. School Dist., 202 F.R.D. 480 (N.D. Tex. 2001); Whittingham v. Amherst

Coll., 163 F.R.D. 170 (D. Mass. 1995)).

Here, the failure of Plaintiff to take the deposition of Ms. Shaw earlier appears to be

due in part to Defendant's refusal to disclose Ms. Shaw's address and telephone number in its

initial disclosures as required by Rule 26 and in response to Plaintiff's Interrogatory number

3.[1]  In light of Ms. Shaw's particular knowledge of events relevant to this litigation and

Defendant's intent to call Ms. Shaw as a witness, the likely benefit of Ms. Shaw's deposition

to the litigation outweighs the expense of her deposition.  Her testimony does not appear

cumulative or duplicative.  Additionally, Plaintiff's proposal to conduct the deposition by

telephone appears to be a reasonable means to defray the cost of the deposition.  Therefore,

Defendant is directed to disclose the address and telephone number of Ms. Shaw to Plaintiff's

counsel, and Plaintiff is granted leave of court to conduct the deposition of Vicki Nash Shaw

by telephone at a date and time mutually convenient to the witness and counsel for the parties

on or before September 30, 2005.[2]

---

[1]It is unclear why Plaintiff did not seek to compel the disclosure of this information
earlier.

[2]The discovery deadline is September 14, 2005, and dispositive motions are due by
October 14, 2005.  See (Doc. 6).

With respect to Tim Murphy, Craig Pennington, Casey Palmer, and Chuck Wagner, Plaintiff has demonstrated the relevance of their testimony to her claims.  However, she has failed to demonstrate that their depositions are necessary beyond the twelve depositions already taken.  This case appears to be a garden variety Title VII case, and the issues raised do not appear to be particularly complex so as to justify these additional depositions.  Moreover, their depositions would appear cumulative and duplicative to matters already discovered and Plaintiff has not demonstrated that the value of their depositions to this litigation outweighs the burden or expense.  Finally, Plaintiff's proposal to interview these witnesses in order to obtain their sworn testimony is not a discovery method authorized by the Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED** that **Plaintiff's Motion to Compel Defendant to Release to the Plaintiff the Address and Telephone Number of Vicki Nash Shaw** (Doc. 19) is **GRANTED**.  Absent a demonstrated need, counsel shall not disclose the personal identifiers of Ms. Shaw to the Plaintiff.  It is further **ORDERED** that **Plaintiff's Request for Leave to Depose Additional Witnesses** (Doc. 18) is **GRANTED in part** to the extent that leave is granted to conduct the deposition of Vicki Nash Shaw on or before September 30, 2005.  In all other respects, the motion (Doc. 18) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 14th day of September 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

4